LDA

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

CA 07 215 S

Sandra Jordan Perez,
Plaintiff,

vs.

Jury Trial Requested

NCO Financial Systems, Inc., and
Gary Dublin, alias,
Defendants.

---

# Complaint

## Introduction

1. The Plaintiff, an individual consumer, has brought this action alleging the Defendants engaged in harassing and abusive conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, and costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees, punitive damages and injunctive relief under the DTPA.

## Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

## Parties

5. Plaintiff Sandra Jordan Perez, formerly known as Sandra Jordan, is a natural person residing in the City of Providence, County of Providence, State of Rhode Island.

6. The Defendant NCO Financial Systems, Inc., (NCO) is a corporation organized and existing under the laws of the state of Pennsylvania.

7. The Defendant Gary Dublin, alias, a male, is an employee of NCO.

8. The Defendant NCO does business in the State of Rhode Island.

9. The Defendant NCO is registered with the Rhode Island Secretary of State to do business in the State of Rhode Island.

## Facts Common To All Counts

10. At all times relevant to this Complaint, NCO was engaged in the business of regularly collecting debts, originally owned to third parties, using the mails and telephone in this state.

11. At all times relevant to this Complaint, Gary Dublin, was engaged in the business of regularly collecting debts, originally owned to third parties, using the mails and telephone in this state.

12. NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. At all times relevant to this Complaint, Gary Dublin was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. Beginning no later than June 2006, NCO placed numerous telephone calls to the Plaintiff while acting as a debt collector attempting to collect an alleged debt from the Plaintiff.

15. The Plaintiff incurred the alleged debt that gave rise to the telephone calls by purchasing goods primarily for her personal, family or household purposes.

16. During a telephone conversation with the Defendant on June 10, 2006, the Plaintiff informed one of NCO's female employees that she did not owe the alleged debt NCO was attempting to collect from her.

17. During a telephone conversation with NCO on June 10, 2006, the Plaintiff informed NCO's employee Gary Dublin that she did not owe the alleged debt he and NCO were attempting to collect from her.

18. During a telephone conversation with NCO on June 10, 2006, NCO indicated that it was collecting the alleged debt for NCO's "client Citibank."

19. During a telephone conversation with NCO on June 10, 2006, NCO indicated that it "owned" the alleged debt it was attempting to collect from the Plaintiff.

20. During a telephone conversation with Gary Dublin on June 10, 2006, Gary Dublin rebuffed the Plaintiff's efforts to verify the alleged debt, and her efforts to verify NCO's entitlement payment on the alleged debt, by saying "I am not going to even play these, st [phonetic], ridiculous games" and then by immediately hanging up on her.

21. Within days after the June 10, 2006 telephone conversation, NCO again called the Plaintiff.

22. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, the Plaintiff again informed one of NCO's agents that she did not owe the alleged debt NCO was attempting to collect from her.

23. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, the Plaintiff informed one of NCO's male agents that she did not have money to pay the alleged debt NCO was attempting to collect from her.

24. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents informed the Plaintiff that NCO could obtain her employment status "through the tax records."

25. NCO's statement described in the prior paragraph was false.

26. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents informed the Plaintiff that he would "document that you [the Plaintiff] want to be sued then."

27. NCO's statement described in the prior paragraph was false.

28. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents accused the Plaintiff of being in default on her student loan.

29. NCO's statement described in the prior paragraph was false.

30. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of the Defendant's male agents stated to the Plaintiff that "there was no shame in being poor."

31. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents attempted to belittle the Plaintiff by asserting she had been sued for unpaid bills and had bad credit.

32. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, the Plaintiff told NCO she would not pay the alleged debt and she wanted the Defendant to stop calling her.

33. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents told that the Plaintiff that NCO would continue to call her despite her request that they stop and despite her statement that she would not pay the alleged debt.

34. Subsequent to the second conversation between the Plaintiff and NCO, NCO continued to call the Plaintiff repeatedly.

**Count 1 – Federal FDCPA – Harassment Through Repeated Telephone Calls**

35. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

36. After the June 10, 2006, telephone conversation, NCO called the Plaintiff with the intent to annoy, abuse, or harass her.

37. After the June 10, 2006, telephone conversation, NCO engaged the Plaintiff in conversation with the intent to annoy, abuse, or harass her.

38. NCO's conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(d)(5).

39. As a result NCO's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against NCO for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 2 – Federal FDCPA – False or Misleading Representations**

40. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

41. On June 10, 2006, NCO told the defendant that it was attempting to collect an alleged debt from her for a "client."

42. NCO's assertion described in the prior paragraph was false.

43. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents informed the Plaintiff that NCO could obtain her employment status "through the tax records."

44. NCO's statement described in the prior paragraph was false.

45. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents informed the Plaintiff that he would "document that you [the Plaintiff] want to be sued then."

46. NCO's statement described in the prior paragraph was false.

47. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents accused the Plaintiff of being in default on her student loan.

48. NCO's statement described in the prior paragraph was false.

49. NCO's conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(e).

50. As a result of NCO's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against NCO for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 3 – Federal FDCPA – Harassment Through Abusive Language**

51. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

52. In its conversation with the Plaintiff on June 10, 2006, NCO used language a natural consequence of which was to abuse the hearer.

53. In his conversation with the Plaintiff on June 10, 2006, Gary Dublin used language a natural consequence of which was to abuse the hearer.

54. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents informed the Plaintiff that he would "document that you [the Plaintiff] want to be sued then."

55. NCO's statement described in the prior paragraph was false.

56. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents accused the Plaintiff of being in default on her student loan.

57. NCO's statement described in the prior paragraph was false.

58. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of the Defendant's male agents stated to the Plaintiff that "there was no shame in being poor."

59. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents attempted to belittle the Plaintiff by asserting she had been sued for unpaid bills and had bad credit.

60. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, the Plaintiff told NCO she would not pay the alleged debt and she wanted the Defendant to stop calling her.

61. During a telephone conversation in June 2006, after the prior conversation on June 10, 2006, one of NCO's male agents told that the Plaintiff that NCO would continue to call her despite her request that they stop and despite her statement that she would not pay the alleged debt.

62. The Defendants' conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(d)(2).

63. As a result the Defendants' conduct as described in this Count, the Plaintiff suffered damages including mental suffering, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendants, jointly and severally, for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 4 – State DTPA – Unfair Collection Efforts**

64. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

65. Gary Dublin spoke to the Plaintiff in June 2006 while acting within the scope of his employment by NCO and in furtherance of NCO's business interests.

66. NCO's agents who called, and who spoke with, the Plaintiff did so in furtherance of NCO's business interests.

67. NCO was, or should have been, aware of its agents conduct while calling the Plaintiff.

68. NCO did not discipline any of its agents as a result of their calls to, and conversations with, the Plaintiff.

69. It was NCO's regular practice to allow its agents to conduct themselves in the way they did towards the Plaintiff.

70. It was NCO's practice to encourage its agents to conduct themselves in the way they did towards the Plaintiff.

71. NCO did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way they did towards the Plaintiff.

72. NCO's conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(5)(xiii).

73. NCO's conduct as described in this Count is prohibited by the DTPA at RIGL 6-13.1-2.

74. NCO's conduct as described in this Count was deliberate and outrageous.

75. As a result of NCO's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against NCO for 1) her actual damages and pursuant to RIGL 6-13.1-5.2(a) for 2) statutory damages in the amount of $200; 3) costs and attorney fees; 4) a permanent injunction restraining NCO from engaging in the wrongful conduct in the future; 5) punitive damages; and 6) such other relief as the Court may deem just and appropriate.

Sandra Jordan Perez,
By her Attorney,



John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff requests a trial by jury on each and every Count of this Complaint.

