MJC:mes \pleadings\31222Answer.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Sandra Jordan Perez,<br><br>Plaintiff,<br><br>v.<br><br>NCO Financial Systems Inc., and<br>Gary Dublin, alias<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 07-215S |

**ANSWER AND AFFIRMATIVE DEFENSES**

**INTRODUCTION**

This answer is being field on behalf of NCO Financial Systems Inc. ("NCO"). No answer is being filed on behalf of named defendant Gary Dublin (believed to be Gary Dubin) based on NCO's belief that Dublin (sic) has not been served with process as of this date.

1. NCO admits that plaintiff purports to bring an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., but denies any damages, liability or wrongdoing to the extent alleged in ¶ 1.

2. NCO admits that plaintiff purports to bring an action pursuant to the Rhode Island Deceptive Trade Practices Act ("DTPA"), 6-13.1.-1, *et seq*., but denies any damages, liability or wrongdoing to the extent alleged in ¶ 2.

**JURISDICTION AND VENUE**

3. NCO admits the allegations in ¶ 3 for jurisdictional purposes only.

4. NCO denies the allegations in ¶ 4 for lack of sufficient information to justify a belief therein.

**PARTIES**

5. NCO denies the allegations in ¶ 5 for lack of sufficient information to justify a belief therein.

6. NCO admits the allegations in ¶ 6.

7. NCO admits that a collector by the name of Gary Dubin is employed with NCO. Except as specifically admitted, NCO denies the allegations in ¶ 7.

8. NCO admits the allegations in ¶ 8.

9. NCO admits the allegations in ¶ 9.

**FACTS COMMON TO ALL COUNTS**

10. NCO admits that it is a foreign corporation that regularly engages in the collection of debts. Except as specifically admitted, NCO denies the allegations in ¶10 for lack of sufficient information to justify a belief therein.

11. NCO admits that it employs a collector by the name of Gary Dubin. Except as specifically admitted, NCO denies the allegations in ¶ 11 for lack of sufficient information to justify a belief therein.

12. NCO admits that it regularly engages in the collection of debt. NCO admits that only when it acts as a debt collector as defined by the FDCPA is it subject to its regulations. Except as specifically admitted, NCO denies the allegations in ¶ 12.

13. NCO denies the allegations in ¶ 13 for lack of sufficient information to justify a belief therein.

14. NCO admits that its records reflect that phone calls were placed to plaintiff on or before June 2006. Except as specifically admitted, NCO denies the allegations in ¶ 14.

15. NCO denies the allegations in ¶ 15 for lack of sufficient information to justify a belief therein.

16. NCO admits that its records reflect that a call was placed to plaintiff on June 10, 2006.

Except as specifically admitted, NCO denies the allegations in ¶ 16 for lack of sufficient information to justify a belief therein.

17. NCO denies the allegations in ¶ 17 for lack of sufficient information to justify a belief therein.

18. NCO admits that NCO Portfolio Management, Inc., as successor in interest to Citibank, placed an account with NCO in plaintiff's name. Except as specifically admitted, NCO denies the allegations in ¶ 18.

19. NCO admits that NCO Portfolio Management, Inc., as successor in interest to Citibank, placed an account with NCO in plaintiff's name. Except as specifically admitted, NCO denies the allegations in ¶ 19.

20. NCO denies the allegations in ¶ 20 for lack of sufficient information to justify a belief therein.

21. NCO admits that its records reflect that it contacted plaintiff on June 27, 2006. Except as specifically admitted, NCO denies the allegations in ¶ 21.

22. NCO denies the allegations in ¶ 22 for lack of sufficient information to justify a belief therein.

23. NCO denies the allegations in ¶ 23 for lack of sufficient information to justify a belief therein.

24. NCO denies the allegations in ¶ 24 for lack of sufficient information to justify a belief therein.

25. NCO denies the allegations in ¶ 25.

26. NCO denies the allegations in ¶ 26 for lack of sufficient information to justify a belief therein.

27. NCO denies the allegations in ¶ 27.

. 28. NCO denies the allegations in ¶ 28 for lack of sufficient information to justify a belief therein.

29. NCO denies the allegations in ¶ 29.

30. NCO denies the allegations in ¶ 30 for lack of sufficient information to justify a belief therein.

31. NCO denies the allegations in ¶ 31.

32. NCO denies the allegations in ¶ 32 for lack of sufficient information to justify a belief therein.

33. NCO denies the allegations in ¶ 33 for lack of sufficient information to justify a belief therein.

34. NCO denies the allegations in ¶ 34.

**COUNT I**

35. In response to ¶ 35, NCO incorporates by reference its admissions and denials in the above paragraphs.

36. NCO denies the allegations in ¶ 36.

37. NCO denies the allegations in ¶ 37.

38. NCO denies the allegations in ¶ 38.

39. NCO denies the allegations in ¶ 39.

In response to the WHEREFORE paragraph, NCO denies that plaintiff is entitled to the relief sought.

**COUNT II**

40. In response to ¶ 40, NCO incorporates by reference its admissions and denials in the above paragraphs.

41. NCO denies the allegations in ¶ 41.

42. NCO denies the allegations in ¶ 42.

43. NCO denies the allegations in ¶ 43 for lack of sufficient information to justify a belief therein.

44. NCO denies the allegations in ¶ 44.

45. NCO denies the allegations in ¶ 45 for lack of sufficient information to justify a belief therein.

46. NCO denies the allegations in ¶ 46.

47. NCO denies the allegations in ¶ 47 for lack of sufficient information to justify a belief therein.

48. NCO denies the allegations in ¶ 48.

49. NCO denies the allegations in ¶ 49.

50. NCO denies the allegations in ¶ 50.

In response to the WHEREFORE paragraph, NCO denies that plaintiff is entitled to the relief sought.

**COUNT III**

51. In response to ¶ 51, NCO incorporates by reference its admissions and denials in the above paragraphs.

52. NCO denies the allegations in ¶ 52.

53. NCO denies the allegations in ¶ 53.

54. NCO denies the allegations in ¶ 54 for lack of sufficient information to justify a belief therein.

55. NCO denies the allegations in ¶ 55.

56. NCO denies the allegations in ¶ 56 for lack of sufficient information to justify a belief

therein.

57. NCO denies the allegations in ¶ 57.

58. NCO denies the allegations in ¶ 58 for lack of sufficient information to justify a belief therein.

59. NCO denies the allegations in ¶ 59.

60. NCO denies the allegations in ¶ 60 for lack of sufficient information to justify a belief therein.

61. NCO denies the allegations in ¶ 61 for lack of sufficient information to justify a belief therein.

62. NCO denies the allegations in ¶ 62.

63. NCO denies the allegations in ¶ 63.

In response to the WHEREFORE paragraph, NCO denies that plaintiff is entitled to relief sought.

## COUNT IV

64. In response to ¶ 64, NCO incorporates by reference its admissions and denials in the above paragraphs.

65. NCO denies the allegations in ¶ 65 for lack of sufficient information to justify a belief therein.

66. NCO denies the allegations in ¶ 66 for lack of sufficient information to justify a belief therein.

67. NCO denies the allegations in ¶ 67 for lack of sufficient information to justify a belief therein.

68. NCO admits that it has not disciplined any of its agents as a result of their calls to and

conversations with plaintiff as alleged in ¶ 68.

69. NCO denies the allegations in ¶ 69.

70. NCO denies the allegations in ¶ 70.

71. NCO denies the allegations in ¶71.

72. NCO denies the allegations in ¶ 72.

73. NCO denies the allegations in ¶ 73.

74. NCO denies the allegations in ¶ 74.

75. NCO denies the allegations in ¶ 75.

In response to the WHEREFORE paragraph, NCO denies that plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to plaintiff's Complaint, NCO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more counts/claims of the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

**FIFTH AFFIRMATIVE DEFENSE**

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

WHEREFORE, based on the foregoing, defendant, NCO, respectfully requests that this Answer be deemed good and sufficient; plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's cost; that pursuant to federal and state law, plaintiff be ordered to pay the reasonable attorney's fees and costs for NCO, as prevailing party under federal and state law, and for all other general and equitable relief.

DEFENDANT,
By its Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 7/2/07 to:

John T. Longo, Esq.
681 Smith Street
Providence, RI 02908

/s/Michael J. Colucci